IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00516-GPG

DAVID ALLEN SUBJACK, JR.,

    Plaintiff,

v.

BOULDER COUNTY, COLORADO,
BOULDER COUNTY PUBLIC DEFENDER'S OFFICE, and
AMANDA BAILHACHE,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, David Allen Subjack, Jr., is a prisoner in the custody of the Colorado Department of Corrections. Mr. Subjack has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983. The Court must construe the Prisoner Complaint liberally because Mr. Subjack is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Subjack has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Therefore, the Court must dismiss the action if Mr. Subjack's claim is

frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). The Court will dismiss the action as legally frivolous.

Mr. Subjack asserts one claim for relief in which he alleges Defendant Amanda Bailhache, a public defender in the Boulder County Public Defender's Office, provided him with copies of the discovery in his criminal case that included personal identifying information of multiple individuals who are not involved in his criminal case. According to Mr. Subjack, "[t]his information should have been censored by Ms. Amanda Bailhache & the public defender's office before sending the discovery to the plaintiff" because the information was provided "to a multi-state multi-conviction criminal who has convictions for theft, forgery, counterfeiting, identity theft, at-risk adult theft, and computer crime as well as others" and "this information is more than enough for even the most basic of identity criminals to ruin these people's lives." (ECF No. 1 at 3-4.) As relief Mr. Subjack requests "a cash settlement in the case that has been stated in this lawsuit for the information that was provided being a temptation to the crimes [for which] he is a multi-time convicted felon." (*Id.* at 8.)

Mr. Subjack's claim is legally frivolous. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Mr. Subjack does not allege any facts that demonstrate his federal rights have been violated. Even if the Court were to assume Mr. Subjack's public defender intentionally sent him the discovery

material in order to tempt him to commit another crime, Mr. Subjack fails to identify the federal source of his right not to be tempted with that information.   Therefore, the Prisoner Complaint is legally frivolous and must be dismissed.

Furthermore, Mr. Subjack may not sue his public defender in a § 1983 action. Defense attorneys, whether court-appointed or privately retained, performing in the traditional role of attorney for the defendant in a criminal proceeding are not deemed to act under color of state law; such attorneys represent their client only, not the state, and cannot be sued in a § 1983 action.   See *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).   "Although a public defender may be paid with state funds, she acts independent of the state's authority, and instead exercises her independent judgment in representing a criminal defendant."   *Zapata v. Public Defender's Office*, 252 F. App'x 237, 239 (10th Cir. 2007).

Mr. Subjack also may not sue the Boulder County Public Defender's Office in a § 1983 action because the Boulder County Public Defender's Office is a regional office within Colorado's Office of the State Public Defender.   Thus, the Boulder County Public Defender's Office is not a "person" subject to suit under § 1983.   See *id.* at 240.

Finally, Mr. Subjack fails to allege facts that support an arguable claim against Boulder County.   Mr. Subjack cannot state a cognizable claim for relief against Boulder County unless he demonstrates he suffered an injury caused by a municipal policy or custom.   See *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).   Because Mr. Subjack fails to allege

facts that demonstrate he suffered an injury caused by a municipal policy or custom, or even that Boulder County somehow controls, directs, or is responsible for the actions of the Boulder County Public Defender's Office, the § 1983 claim against Boulder County also is legally frivolous for that reason.

The action will be dismissed as legally frivolous for the reasons discussed above. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  4th  day of   March   , 2016.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court